IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN M. GEARHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 10-765 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

ORDER

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial

evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

At the crux of Plaintiff's argument is the assertion that the Administrative Law Judge (ALJ) failed to address the numerous GAF scores of 50 that the Plaintiff received from various medical sources. See, e.g., Hillman v. Barnhart, 48 Fed. Appx. 26, 29 n.1 (3d Cir. 2002). GAF scores, while certainly evidence to be considered, do not directly correlate to a determination of whether or not an individual is disabled under the Act:

> The GAF scale, which is described in the DSM-III-R (and the DSM-IV), is the scale used in the multiaxial evaluation system endorsed by the American Psychiatric Association. It does not have a direct correlation to the severity requirements in our mental disorders listings.

65 Fed. Reg. 50746, 50764-65. While under certain circumstances a GAF score can be considered evidence of disability, standing alone, a GAF score does not evidence an impairment seriously interfering with a claimant's ability to work. See Lopez v. Barnhart, 78 Fed. Appx. 675, 678 (10th Cir. 2003). GAF scores may indicate problems that do not necessarily relate to the ability to hold a job. See id.; Zachary v. Barnhart, 94 Fed. Appx. 817, 819 (10th Cir. 2004); Wilkins v. Barnhart, 69 Fed. Appx. 775, 780 (7th Cir. 2003); Howard v. Commisioner of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002); Power v. Astrue, 2009 WL 578478, at *8 (W.D. Pa. Mar. 5, 2009).

While failure to address GAF scores below the "threshold" mark of 51 has been cause for remand in some cases, the present case is factually distinguishable. See, e.g. Irizarry v. Barnhart, 233 Fed. Appx. 189, 192 (3d Cir. 2007) (where the ALJ discussed GAF scores of 55 in support of a finding of "not disabled," but failed to address lower GAF scores). In a more recent decision, the Third Circuit held that the ALJ's failure to discuss a GAF score of 45 was not a cause for remand when the ALJ discussed the medical evidence at length and provided a sufficient basis for determining that some of the evidence was unpersuasive. Gilroy v. Astrue, 351 Fed. Appx. 714, 716 (3d Cir. 2009). The Court finds that the Plaintiff's factual scenario to resemble that addressed by the Third Circuit in Gilroy, and find the reasoning of that decision persuasive. While the ALJ did not specifically mention the GAF scores of 50, he made frequent references to her severe mental impairments and history of depression and anxiety, and supplied the requisite basis for his finding of "not disabled." (R. at 52-55).

Plaintiff also asserts a number of other arguments which the Court finds unpersuasive. The Plaintiff attempts to rely on the maxim that a treating physician's opinion cannot be rejected unless the ALJ points to other medical evidence of record. (Pl.'s Br. Summ. J. at 8) (citing Allen v. Bowen, 881 F.2d 37, 41 (3d Cir. 1989). This legal principle, while perhaps accurate, does not bear on the Plaintiff's case. Nowhere in the record does the ALJ reject, or even significantly call into question, the opinion of a treating physician.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:  Counsel of record

---

Similarly, the Court finds no merit in the Plaintiff's complaints regarding the ALJ's credibility determinations of the Plaintiff. In his credibility determination, the ALJ took into account the Plaintiff's daily activities as well as the objective medical evidence of record (R. at 55-56).

Substantial evidence supports the Commissioner's determination that the Plaintiff was not disabled under the Social Security Act.